

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2003

# McGinnis v. OH Cslty Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket 02-2802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"McGinnis v. OH Cslty Ins Co" (2003). *2003 Decisions.* Paper 534.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/534

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-2802

VINCENT McGINNIS;
MELISSA McGINNIS,

Appellants

v.

OHIO CASUALTY INSURANCE COMPANY

On Appeal from the United States District Court
for Eastern District of Pennsylvania
(D.C. No. 01-cv-00118)
District Judge: Hon. J. Curtis Joyner

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2003

Before: SCIRICA, Chief Judge, SLOVITER and NYGAARD, Circuit Judges

(Filed: May 23, 2003)

OPINION OF THE COURT

SLOVITER, Circuit Judge.

In this appeal, the insureds, Vincent and Melissa McGinnis (hereafter referred to as McGinnis), seek a new trial following a jury verdict in favor of the defendant, their insurance company, Ohio Casualty Insurance Company. Because we conclude that the jury instructions were adequate and we find no other error, we will affirm.

## I.

### Facts and Procedure

McGinnis owns a building located at 3759 Main Street in Manayunk, a section of Philadelphia. The building, which houses the McGinnis retail furniture store, was built in the side of a cliff of solid rock in 1880 and was purchased by McGinnis in 1988. The property was insured by Ohio Casualty Insurance Co. (hereafter "Ohio").

On September 16, 1999, Hurricane Floyd struck the Delaware Valley. McGinnis filed a claim with Ohio for damages caused by the hurricane. The parties were able to agree as to some portions of the loss but were unable to agree on the damage that McGinnis contends was caused when a boulder from the rock face behind the property was dislodged as a result of Hurricane Floyd and hit the back of the building. McGinnis contends that, as a result, the back of the showroom becomes wet when it rains and there is black mold and mildew. A contractor estimated that removal of the boulder behind the building would cost $558,000. Ohio contends that the damage claimed did not exist, if it did exist it didn't occur at the time of the hurricane, and even if it did exist and occurred

during the hurricane, it was not covered by the insurance policy. The District Court reserved legal issues for itself and left the factual issues for the jury, which decided in favor of Ohio. McGinnis appeals.

## II.

## Discussion

Although McGinnis presents four separate arguments, his principal argument is that the District Court erred by providing the jury flawed and incomplete instructions and a confusing and incorrect verdict form. Question 1 of the verdict form reads, "Did the plaintiffs prove by a preponderance of the evidence that during the policy period of January 1, 1999 to January 1, 2000 they suffered physical loss or damage to their building (as defined by the Policy) caused by a falling rock?" App. at 3. The jury answered "no" to this interrogatory. App. at 3. The jury was instructed that if they answered in the affirmative they were to proceed to the second question. Because they did not answer in the affirmative, they did not proceed to the other questions.

McGinnis had requested the court to add to the language of Question 1 "as a result of the hurricane," which the court denied. McGinnis argues this constituted error on the part of the District Court because without this language the question itself is misleading and confusing. We disagree. The central issue was a factual one. Question 1 was designed to determine whether the jury found as a matter of fact that there was damage to the building caused by a falling rock. There was no ambiguity in the language.

Moreover, it was not necessary for the judge to have added the language "as a result of the hurricane" because that was the basis of all the testimony. In fact, in his opening, McGinnis' counsel stated:

> If you find that it's just a coincidence that this boulder fell on the day of the worst hurricane in our area's certainly recent history, do you think that it could have fallen any day, it just happened to fall on this one day?

App. II at 92. The jury found that there was no damage caused by a falling rock during the relevant policy period; therefore, there was no need to consider the additional questions. Question 1 was both adequate and clear.

McGinnis' second argument is that the jury's negative answer to Question 1 was contrary to the weight of the evidence. We disagree. Each party presented evidence. McGinnis presented the testimony of the furniture store manager and apparently the jury found it to be unpersuasive. This is not contrary to the weight of the evidence as the manager only testified to what she heard (three crashes outside, two on the roof and the third on the wall) but she never saw one or more boulders fall. McGinnis also presented testimony of two contractors, who each conceded that he did not see any damage to the back of the building. Ohio presented as an expert witness a civil engineer who also testified he found no damage to the back wall by the rock fall. Even if one accepts the testimony of McGinnis' witnesses, there was, at most, conflicting testimony and the jury could decide. It also could have taken into consideration that the building was erected in 1880. Based on this evidence, the jury could reasonably have found that the appellants

4

did not bear their burden of proving that the damage was caused by the rock hitting the building.

The final two arguments presented by McGinnis are that the District Court erred by dismissing a claim of bad faith against Ohio and by allowing Mr. Robert Neef, an owner of a disaster restoration firm, to testify as to his personal opinions concerning the cause of the damage.[1]  The District Court did not err in entertaining Ohio's Rule 50 motion at the conclusion of McGinnis' case on bad faith and adequately explained its decision dismissing the bad faith claim.  Finally, we see nothing improper in Neef's response to the District Court's clarification of Ohio's counsel's question that asked, "What did you tell Mr. Landow?" and Neef responded:

> My personal reaction?  It was very dangerous back there.  There was a lot of debris that had fallen over the years, there was an incredible amount of dirt, soil.  There were rocks.  There was a lot of -- it was something I had never seen before.

App. II at 225.  This was merely Neef's observation and there was no reason for prior qualification of Neef to respond.

---

[1]     McGinnis also argues that the District Court erred by not permitting introduction into evidence correspondence between insurance adjusters.  The District Court properly held that any probative value of the evidence for the factual questions before the jury was outweighed by prejudice to Ohio.

## III.

## Conclusion

For the reasons set forth, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


    /s/ Dolores K. Sloviter
        Circuit Judge